UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROBERT REDMOND,**

    **Plaintiff,**

**v.**                                          Case No. 8:11-cv-692-T-30EAJ

**RECEIVABLES PERFORMANCE
MANAGEMENT, LLC,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment (Dkt. 15) and Plaintiff's Motion to Stay Defendant's Motion for Summary Judgment until Close of Discovery (Dkt. 16). The Court, having reviewed the motions and being otherwise advised in the premises, concludes that Defendant's summary judgment motion should be denied without prejudice as premature.

## DISCUSSION

Plaintiff Robert Redmond brought this action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et. seq.* ("FDCPA") alleging Defendant Receivables Performance Management, LLC violated section 1692(d) of the FDCPA by engaging in conduct that the natural consequences was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt. In addition, Plaintiff alleges Defendant violated section

1692(d)(5) of the FDCPA when it called him repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

Defendant filed a motion for summary judgment on the entirety of Plaintiff's claims, arguing Plaintiff cannot come forward with any evidence that it was Defendant's intent to annoy, abuse, or harass him. Defendant relies upon the declaration of its chief executive officer and Plaintiff's responses to Defendant's first set of interrogatories in support of its summary judgment motion.

Plaintiff counters in its motion for stay, (which the Court also construes as an opposition to Defendant's summary judgment motion), that he has not had an opportunity to engage in meaningful discovery. Specifically, Plaintiff argues that Defendant's motion should be stayed or dismissed without prejudice because discovery is still ongoing, Plaintiff has not received Defendant's responses to Plaintiff's outstanding discovery requests, and the deposition of Defendant's corporate representative is set on October 31, 2011. In other words, the record at this point is incomplete, or inadequate.

The Court agrees with Plaintiff to the extent that he argues Defendant's motion for summary judgment should be denied as premature. As stated in *Blumel v. Mylander*, 919 F.Supp. 423, 428 (M.D. Fla. 1996), Rule 56 "implies [that] district courts should not grant summary judgment until the non-movant has had an adequate opportunity for discovery." Furthermore, the Eleventh Circuit has decisively determined that "summary judgment may only be decided upon an adequate record." *Snook v. Trust Co. of Ga. Bank*, 859 F.2d 865, 870 (11th Cir.1988).

The Eleventh Circuit expounded:

> [S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

Id. at 870 (internal citations omitted).

As Plaintiff points out, he is unable to respond to the declaration relied upon in support of Defendant's motion for summary judgment until he receives and reviews Defendant's discovery responses and takes the deposition of Defendant's corporate representative. Accordingly, Defendant's motion for summary judgment is premature and is denied without prejudice. Defendant may refile its summary judgment motion and reassert the arguments contained therein after Plaintiff deposes Defendant's corporate representative and receives the outstanding discovery requests.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion for Summary Judgment (Dkt. 15) is denied without prejudice as premature.

2. Plaintiff's Motion to Stay Defendant's Motion for Summary Judgment until Close of Discovery (Dkt. 16) is granted to the extent set forth herein.

**DONE** and **ORDERED** in Tampa, Florida on October 7, 2011.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-692.msjpremature15.frm