**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROBERT REDMOND,**

    **Plaintiff,**

v.                                   Case No.  8:11-cv-692-T-30EAJ

**RECEIVABLES PERFORMANCE**
**MANAGEMENT, LLC,**

    **Defendant.**
_____/

**ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. 23), Plaintiff's Motion for Extension of Time to Complete Discovery (Dkt. 24), Plaintiff's Motion to Stay Defendant's Amended Motion for Summary Judgment (Dkt. 25), and Defendant's Responses in opposition (Dkts. 26 & 27).  The Court, having reviewed the motions, responses, and being otherwise advised in the premises, concludes that Plaintiff's motions should be granted.

**DISCUSSION**

Plaintiff Robert Redmond brought this action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et. seq.* ("FDCPA") alleging Defendant Receivables Performance Management, LLC violated section 1692(d) of the FDCPA by engaging in conduct that the natural consequence was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.  In addition, Plaintiff alleges Defendant violated section

1692(d)(5) of the FDCPA when it called him repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

On October 7, 2011, the Court denied Defendant's first motion for summary judgment without prejudice as premature because it was filed before Plaintiff received Defendant's responses to Plaintiff's outstanding discovery requests and before the deposition of Defendant's corporate representative, which was set in late October, 2011 (Dkt. 19).

On November 22, 2011, Defendant filed an amended motion for summary judgment (Dkt. 22).

This case is at issue upon Plaintiff's motions to file a second amended complaint, extend the discovery deadline, and stay any ruling on Defendant's amended summary judgment motion. The discovery cut-off date was November 1, 2011. The dispositive motion deadline is set for February 6, 2012.

Plaintiff argues that Defendant's corporate representative's testimony at the deposition revealed that Defendant unlawfully communicated with a third party with respect to Plaintiff's debt. Plaintiff states that he contacted Defendant regarding a stipulation to allow Plaintiff to file a second amended complaint to assert a new claim under the FDCPA based on the deposition testimony and to extend the discovery deadline, and that the parties were unable to reach an agreement. Defendant subsequently filed its amended motion for summary judgment.

Defendant argues that it would be prejudicial to allow Plaintiff to amend his complaint because it would delay the proceedings. Defendant also argues that Plaintiff's amendment is futile because the allegations of the proposed new claim are insufficient to state a claim.

The Court concludes that Plaintiff's motions should be granted. Importantly, Plaintiff is not requesting an extension of any date other than the discovery cut-off date. And, in the interest of avoiding piece-meal litigation, it would be more efficient to allow Plaintiff to add the additional claim against Defendant at this time, especially since the amendment will not affect the June 2012 trial date. Finally, if Defendant does not think the allegations of the new claim are sufficient to state a claim, it may file a motion to dismiss related to that claim.

Accordingly, the Court will permit Plaintiff to file a second amended complaint within seven (7) days of this Order. The discovery cut-of date is extended to January 20, 2012.[1]

It is therefore ORDERED AND ADJUDGED that:

1.   Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. 23), Plaintiff's Motion for Extension of Time to Complete Discovery (Dkt. 24), Plaintiff's Motion to Stay Defendant's Amended Motion for Summary Judgment (Dkt. 25) are GRANTED as stated herein.

2.   Plaintiff shall file his Second Amended Complaint within seven (7) days of this Order.

---

[1] Plaintiff requested an extension until the end of March, but this request is unreasonable in light of the additional discovery Plaintiff seeks from Defendant. Also, in light of Plaintiff's discussion of Defendant's repeated failure to provide discovery responses, it would behoove Plaintiff to file a motion to compel on these and any other outstanding discovery issues as soon as possible.

      3.      Defendant's Amended Motion for Summary Judgment (Dkt. 22) is DENIED without prejudice as moot.

      4.      The discovery cut-off date is extended to **January 20, 2012**.  <u>The Court will not entertain any further requests for an extension of this deadline</u>.

      5.      All other case management deadlines <u>remain unchanged</u>.

**DONE** and **ORDERED** in Tampa, Florida on December 5, 2011.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-692.variousmotions.frm